| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
|---|---|
| **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone:973-575-0707<br>Attorneys for Secured Creditor | |
| In Re:<br><br>DAVID CUSHING,<br><br>       Debtor. | Case No. 25-22945<br><br>Chapter 13<br><br>Judge: Andrew B. Altenburg Jr |
| DAVID CUSHING,<br>       Plaintiff,<br><br>       v.<br><br>LAKEVIEW LOAN SERVICING, LLC,<br><br>       Defendant. | Adv. Pro. No. 26-01099-ABA |

**NOTICE OF MOTION TO DISMISS DEBTOR'S ADVERSARY COMPLAINT WITH PREJUDICE AS TO DEFENDANT PNC BANK, NATIONAL ASSOCIATION**

TO:    ***Pro Se Debtor:***
       David Cushing
       1734 Almond Road
       Vineland, NJ 08360

     **PLEASE TAKE NOTICE** that, upon the motion of Defendant LAKEVIEW LOAN SERVICING, LLC and all pleadings and proceedings heretofore had herein, the law firm of Robertson, Anschutz, Schneid, Crane & Partners, PLLC shall move before the Honorable Derek J Baker, located at US Post Office and Courthouse, 401 Market Street, Camden, NJ 08101 on **May 5, 2026 at 10:00 a.m.** for an Order dismissing Debtor's *Adversary Complaint* with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) or, in the alternative, 12(h)(3), as incorporated by Federal Rule of Bankruptcy 7012(b).

**PLEASE TAKE FURTHER NOTICE** that pursuant to D.N.J. Local Bankruptcy Rule ("LBR") 9013-1(d)(1), answering papers and cross-motions, if any, are required to be filed and served upon the undersigned at least seven (7) days before the return date of this Motion.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(f), the undersigned requests oral argument on this Motion if opposition is timely filed and served.

Dated:     April 16 , 2026          **Robertson, Anschutz, Schneid,**
**Crane & Partners, PLLC**
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone:  973-575-0707
Attorneys for Secured Creditor

/s/ Kenneth J. Borger
Kenneth J. Borger
NJ Bar ID: 171092015
Email:  kborger@raslg.com
Dated: April 16, 2026

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**<br>130 Clinton Road, Lobby B, Suite 202<br>Fairfield, NJ 07004<br>Telephone:973-575-0707<br>Attorneys for Secured Creditor | |
| In Re:<br><br>DAVID CUSHING,<br><br>           Debtor. | Case No. 25-22945<br><br>Chapter 13<br><br>Judge: Andrew B. Altenburg Jr |
| DAVID CUSHING,<br>           Plaintiff,<br><br>           v.<br><br>LAKEVIEW LOAN SERVICING, LLC,<br><br>           Defendant. | Adv. Pro. No. 26-01099-ABA |

## COMBINED RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOCKET ENTRY 4) AND DEFENDANT'S MOTION DIMISS ADVERSARY COMPLAINT WITH PREJUDICE

Defendant LAKEVIEW LOAN SERVICING, LLC (hereinafter "Defendant" or "Secured Creditor") respectfully submits this combined pleading as both a Response in Opposition to the Motion for Default Judgment filed by Plaintiff on April 13, 2026 (docket entry 4), and as a Motion to Dismiss the underlying adversary complaint (docket entry 1) for failure to state a cause of action. Alternatively, counsel submits this filing as an Answer denying each averment with the exceptions of averments 23 through 25, inclusive, which are the only averments admitted..

## PRELIMINARY STATEMENT

The loan underlying this debt is represented in Proof of Claim (POC) 8-1, as filed in the main case on February 11, 2026. That claim was filed on behalf of Lakeview Loan Servicing, LLC, with Rocket Mortgage, LLC identified as servicer. The noticing address in the POC is

Rocket Mortgage, LLC, Attn: Bankruptcy Dept, P.O. Box 61906, Dallas, TX 75261-9741.

The first deficiency the Court should note is the adversary complaint was served on neither Lakeview Loan Servicing as the owner of the mortgage debt, nor on Rocket Mortgage at the correct P.O Box. The certificate of service indicates it was served on *Nationstar* Mortgage, LLC at P.O. Box 6190*4*, Dallas, TX 75261-9094. This is not the proper service address for either Lakeview Loan Servicing or its servicer Rocket Mortgage, LLC. Without proper service of the underlying complaint, the Plaintiff's Motion for Default Judgment should be denied.

As shown in the loan documents included in the POC, the loan which underlies this matter originated on December 22, 2016. Plaintiff borrowed $171,731 from Greentree Mortgage Company, LP on that date for the purchase of the real property located at 1734 Almond Rd., Vineland, New Jersey. Plaintiff signed a Promissory Note (attached to the POC) memorializing that loan agreement. Concurrent with obtaining this purchase money loan, Plaintiff gave to MERS as nominee for Greentree Mortgage Company, LP a mortgage lien interest to secure repayment of the underlying debt. That Mortgage signed by the Plaintiff was duly recorded on January 16, 2017 with the Cumberland County Clerk's Office at Instrument Number 523035 (attached to the POC).

The Plaintiff does not dispute that he entered into both of these transactions (the Note and the Mortgage) to enable him to purchase the subject real property. Indeed, in paragraph 15 of the complaint Plaintiff appears to concede that he in fact owes *somebody* repayment of this debt. Presumably he is not disputing the *amount* of the debt asserted in the POC, as he has not filed any objection to that POC in the main case. Under 11 U.S.C. Section 502 the claim should be deemed allowed as filed, and must be addressed for payment in the Chapter 13 Plan or the collateral surrendered.

The essence of the allegations in the complaint is the Plaintiff is challenging the standing of the claimant Lakeview Loan Servicing,, LLC to enforce the Note and duly perfected Mortgage interest. But every argument or challenge raised by the Plaintiff is either facially untrue as a matter of fact, or relies on a misconception of the law as to what a party needs to demonstrate to assert the right to enforce a Promissory Note and Mortgage.

New Jersey has adopted the Uniform Commercial Code in NJSA Title 12A.  The Promissory Note is a negotiable instrument under section 12A:3-104.  The Note bears an indorsement in blank.  Under 12A:1-201(21)(a) Defendant is a holder.  Under 12A;3-301 Defendant is entitled to enforce the Note as a holder in possession of the Note indorsed in blank.

The duly perfected Mortgage originally given to MERS as nominee for Greentree was assigned of record to Freedom Mortgage Corporation on December 29, 2021, duly recorded that same date (Ex A), then to Nationstar Mortgage on February 9, 2022, recorded that same date (Ex B), and finally to Lakeview Loan Servicing, LLC on April 7, 2022, recorded that same date (Ex C).  Plaintiff does not dispute the existence of any these assignments of mortgage (AOMs).  Indeed, in paragraph 11 he concedes that these are all of public record.  The Plaintiff's challenge to these assignments of the right to enforce the duly recorded and perfected security interest appears to be questioning the validity of the signatures of representatives of the entities assigning the interest.  But under 12A:3-308 both the authenticity and the authority of the signatures is presumed to be valid, unless the challenge is being asserted by a party seeking to enforce liability *against the purported signer*.  That is not the case here, as Plaintiff is not and never was a party entitled to enforce the Mortgage – he is instead the original Mortgagor, and as such he has no standing to challenge the validity of the signatures in any subsequent AOM.

Further, and most damning to Plaintiff's case, the Superior Court of New Jersey Chancery Division, Cumberland County, in case number F-009304-22 entered a judgment in foreclosure on May 24, 2023 expressly finding that Defendant is in fact entitled under New Jersey law to enforce the Note and the Mortgage lien.  To the extent that Debtor seeks to challenge standing, he should have done so in the foreclosure proceedings.  Because standing was established in the foreclosure, Debtor's claims are barred by the *Rooker-Feldman Abstention Doctrine*, the *Colorado River Doctrine*, the *Younger Doctrine*, the entire controversy doctrine, and the doctrine of *res judicata.*

Because the Complaint fails as a matter of law, it should be dismissed with prejudice.

## LEGAL ARGUMENT

I. **Secured Creditor's Motion to Dismiss Should be Granted**.

  **A. The Legal Standard for Motions to Dismiss Under Rule 12(b)(1)**

Rule 12(b)(1) mandates dismissal of an action where a federal court lacks subject matter jurisdiction. The existence of subject matter jurisdiction is a threshold issue. "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress as prescribed." *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994). Absent a proper basis for subject matter jurisdiction, a case must be dismissed. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 96 (1998). Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Jurisdiction to review such decisions lies with superior state courts and, ultimately, the Supreme Court of the United States. *See* 28 U.S.C. §1257(a). A party who seeks to invoke federal jurisdiction bears the burden of proving standing. *ACLU-NJ v. Twp. of Wall*, 246 F.3d 258, 266 (3d Cir. 2001).

**B. The Legal Standard for Motions to Dismiss under Rule 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) may be granted when, accepting all well-plead allegations in the Complaint as true and reviewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief. *In re. Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997). However, "factual allegations must be enough to raise a right to relief above a speculative level." *Bell Sussex Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007); see also *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (discussing plausibility standard).

"A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do'". *Iqbal*, 129 S.Ct. at 1949. A Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 197, 211 (3d. Cir. 2007).

When deciding a Rule 12(b)(6) motion, a court may consider the Complaint, exhibits attached to the Complaint, matters of public record, and undisputed authentic documents of the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d.Cir.1993).

Alternatively, Secured Creditor's motion should be granted pursuant to Fed. R. Civ. P. 12(h)(3) which mandates the dismissal of this case for lack of subject matter jurisdiction.

## 1.  THIS COURT LACKS SUBJECT MATTER JURIDSICTION PURSUANT TO RES-JUDICATA & ENTIRE CONTROVERSY DOCTRINE

A cursory review and generous reading of the Adversary Complaint indicates that the crux of Debtor's claims is the solely the standing of the Defendant to enforce it the Note and Mortgage, which was expressly part of the finding in the state court Foreclosure.  Such claims by Plaintiff are precluded under the doctrine of *Res Judicata*.  Also referred to as "claim preclusion", *res judicata* prohibits the re-litigation of claims that have already been adjudicated or that could and should have been raised in a previous proceeding.  In re. Target Indus., Inc., 328 B.R. 99, 115-116 (D.N.J. 2005); Gibbons v. First Fidelity Bank, N.A., 225 B.R. 376, 387 (D.N.J.  2000).

"To determine whether the doctrine of res judicata bars a subsequent action, both New Jersey and the Federal Courts consider whether three circumstances are present:  (1) was the prior decision a final judgment on the merits; (2) are the litigants the same parties or their privies; and (3) is the subsequent suit based upon the same cause of action."  U.S. v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984); In re. Mallarkey, 536 F.3d 215 (3d. Cir. 2008).

Moreover, it has been held by the United States Supreme Court that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. In Allen v. McCurry, 449 U.S. 90 (1980), this Court said: "Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgments emerged would do so. . . ." Id., at 96.

The Entire Controversy Doctrine requires litigants to assert all known, transactionally related claims in one action.  This means that the Debtor was required to assert all affirmative claims and defenses related to the foreclosure, so to the extent that any claim or defense was left out of the foreclosure case by the Debtor, they are barred from making those arguments.

As set forth by the New Jersey Supreme Court, the entire controversy doctrine requires that all issues of a single dispute between the parties must be completely determined in one action.

Rule 4:27-1 provides that "[e]ach party to an action shall assert therein all claims which he may have against any other party thereto insofar as may be required by application of the entire controversy doctrine." See R. 4:5-4 (pleadings seeking to present claims sufficient to constitute an avoidance must set forth specific supporting facts; failure to raise such claims constitutes a waiver); Kress v. Kress, 1 N.J. 257 (1949). Culver v. Ins. Co. of N. Am., 115 N.J. 451, 463-464 (1989). The State of New Jersey codified the Entire Controversy Doctrine under N.J. Ct. R. 4:30A stating that, "Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine…"

In the present matter, the Chancery Judge determined, based on the proofs submitted in the Foreclosure, that the foreclosing Plaintiff had proven standing to enforce the Note and the Mortgage when the Foreclosure Judgment was entered. Debtor did not pursue any subsequent remedies in the State Court. No appeal was taken of the Foreclosure Judgment. Accordingly, applying the factors identified above, it is clear that *res judicata* applies and Debtor cannot again try to re-litigate the underlying state court judgment or the documents supporting the judgment.

Second, the parties to the adversary proceeding are the same as or privies of the parties to the foreclosure, namely Plaintiff and Defendant. For the final factor, whether the causes of action are the same, Courts look toward the "essential similarity of the underlying events giving rise to the various legal claims." Lubrizol Corp. v. Exxon Corp., 929 F,2d 960 (3d Cir.1991). This principle is "in keeping with the trend of requiring that a party present all claims for relief arising out of the same occurrence or transaction in one suit." Lubrizol, supra at 963. It is clear when reading the Complaint that Debtor is seeing to und the underlying foreclosure action, by asking this Court again to determine whether foreclosing Plaintiff has a valid lien and whether the Foreclosure Judgment is valid. Debtor squandered his opportunity to challenge standing, and now seeks his chance to do in Bankruptcy what he failed to attempt in foreclosure. Accordingly, the doctrine of *res judicata* precludes the Court from considering the allegations set forth in the adversary proceeding, and the adversary complaint must be dismissed with prejudice.

### 2. Debtor's Claims are Barred by the Younger Doctrine

The claims and issues raised in the instant action are wholly tied to the Foreclosure, and Debtor should be barred from raising them again. Under the abstention doctrine set forth in

*Younger v. Harris*, 401 U.S. 37 (1971), federal courts must "abstain from enjoining, explicitly or implicitly, state civil proceedings that implicate important state interest." *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. Of New York & New Jersey Police Dept't.*, 973 F.2d 167, 173 (3d Cir. 1992). This is known as the *Younger* Doctrine, and it directs courts to abstain from hearing a dispute where the following three elements are present: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wenmer*, 591 F.3d 666, 670 (3d. Cir. 2010). In New Jersey, where the claims were already litigated in the Foreclosure, the *Younger* doctrine prevents the re-litigation in a separate action. *Downey v. Perrault*, No. 09, 108, 2009 WL 3030051 (D.N.J. Sept. 15, 2009) (applying *Younger* doctrine to state court mortgage foreclosure proceedings.

To the extent that this Court deems the state court proceedings ongoing pending the Sheriff's Sale of the Property, the Court should abstain because all three elements of the *Younger* doctrine are satisfied. First, the Foreclosure Action is pending Sheriff's Sale of the Property. Second, foreclosure actions implicate important state interests. Third, the state proceedings afford an adequate opportunity to raise the federal claims because the New Jersey Superior Court routinely addresses the issues presented in the instant Complaint. Accordingly, the instant Complaint should be dismissed under the *Younger* doctrine.

3. **Court Lacks Subject Matter Jurisdiction Pursuant to the Rooker-Feldman Doctrine.**

The "Rooker-Feldman Doctrine" is a statutory-based doctrine which stands for the proposition that "lower federal courts possess no power whatsoever to sit in direct review of the state court decisions". *Stewart Title Guar. Co. v. Kessler (In re. Kessler)*, 213, 213 Bankr. LEXIS 673, *11, Adv. Proc. No. 12-1474 (MBK) Bankr. D.N.J. Feb. 21, 2013), citing *Sussex Coast Line Railroad Company v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970). Under the Rooker-Feldman Doctrine, District Courts are prohibited "from adjudicating actions in which the relief requested requires determining whether the state court's decisions is wrong or voiding the state court's ruling." *Knapper v. Bankers Trust Co., as Trustee for Amresco Residential Securities Corp. (In re Knapper)*, 407 F.3d 573, 580 (3d. Cir. 2005), citing *Walker v. Horn, 385*

*F.3d 321, 329* (3d Cir. 2004).  The Supreme Court has held that the *Rooker-Feldman* Doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court reviews and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280, 284 (2005).  In effect, the doctrine precludes lower federal courts from exercising appellate jurisdiction over final state court judgments, *Lance v. Dennis*, 546 U.S. 549 (2006).

"It has been consistently recognized that the *Rooker-Feldman* doctrine prevents federal judges from considering lawsuits "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments,' particularly where those lawsuits necessarily require us to re-examine state mortgage litigation rulings."  *Edwards v. Specialized Loan Servicing, LLC,* Civil No. 1:15-CV-335 (Dist. Court, MD Pennsylvania (2015)). The Third Circuit Court of Appeals has explained that the Rooker-Feldman doctrine "preclude[es] lower federal court jurisdiction over claims that were actually litigated or those 'inextricable intertwined' with adjudication by a state court…. We have further explained that 'a federal action is inextricable intertwined with a state adjudication, and thus barred in federal court under Feldman, '[w]here federal relief can only be predicated upon a conviction that the state court was wrong."  *Taliaferro v. Darby Twp. Zoning Board*, 458 F.3d 181, 192 (2006), quoting *Parkview Assoc. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d Cir.2000) citing *Gulla v. North Strabane Township*, 146 F.3d 168, 181 (3d Cir. 1998)).

The Third Circuit elaborated upon these holdings and provided for a few requirements that must be met before the *Rooker-Feldman Doctrine* will apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered prior to the initiation of the federal suit filed; and (4) the plaintiff is inviting the federal district court to review and reject the state court judgment.  *Great Western Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (Court of Appeals, 3d Cir. 2010), quoting *Exxon Mobil*, 544 U.S. at 284.

Applying these factors, it is clear that this Court is without subject matter jurisdiction to consider the allegations of Debtor's complaint.  Debtor "lost" in the state court foreclosure action

when the Foreclosure Judgment was entered.  Rather than pursuing state court remedies, Debtor filed this Adversary.

The instant adversary alleges that the Foreclosing Plaintiff lacks standing to prosecute the Foreclosure.  Unfortunately for Debtor, the standing issue was resolved with the entry of the Foreclosure Judgment.  There is no doubt that Debtor is attempting to undo the Foreclosure Judgment by challenging the the standing of the Foreclosing Plaintiff to foreclose upon it. Accordingly, the continuation of the adversary proceeding would require improper review of the Foreclosure Judgment.  Pursuant to the tenants of the *Rooker-Feldman Doctrine*, this action should be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, LAKEVIEW LOAN SERVICING, LLC respectfully request that the Court denies the Plaintiff's Motion for Default Judgment, and grants this Motion to Dismiss with Prejudice all claims asserted against them.

Dated:      April 16, 2026                **Robertson, Anschutz, Schneid,
Crane & Partners, PLLC**
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone:  973-575-0707
Attorneys for Secured Creditor

/s/ Kenneth J. Borger
Kenneth J. Borger
NJ Bar ID: 171092015
Email:  kborger@raslg.com
Dated: April 16, 2026

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY Caption in Compliance with D.N.J. LBR 9004-2(c) | |
|---|---|
| **Robertson, Anschutz, Schneid, Crane & Partners, PLLC** 130 Clinton Road, Lobby B, Suite 202 Fairfield, NJ 07004 Telephone:973-575-0707 Attorneys for Secured Creditor | |
| In Re: DAVID CUSHING, Debtor. | Case No. 25-22945 Chapter 13 Judge: Andrew B. Altenburg Jr |
| DAVID CUSHING, Plaintiff, v. LAKEVIEW LOAN SERVICING, LLC, Defendant. | Adv. Pro. No. 26-01099-ABA |

## CERTIFICATION OF SERVICE

1.    I, <u>Kenneth J. Borger</u>, represent the Defendant PHH MORTGAGE CORPORATION/ OCWEN LOAN SERVICING LLC in this matter.

2.    On <u>April 16, 2026</u> I caused a copy of the following pleadings and/or documents to be sent to the parties listed in the chart below. ***Notice of Motion to Dismiss Defendant's Adversary Complaint with Prejudice; Memorandum of Law in Support of Motion; Proposed Order.***

3.    I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Dated:  April 16, 2026

**Robertson, Anschutz, Schneid,
Crane & Partners, PLLC**
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone:  973-575-0707
Attorneys for Secured Creditor

/s/ Kenneth J. Borger
Kenneth J. Borger
NJ Bar ID: 171092015
Email:  kborger@raslg.com
Dated: April 16, 2026

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| **David Cushing**<br>1734 Almond Road<br>Vineland, NJ 08360 | Pro Se Debtor | □ Hand-delivered<br>[x] Regular mail<br>□ Certified Mail/RR<br>□ E-mail<br>□ Notice of Electronic Filing (NEF)<br>□ Other _____<br>(as authorized by the court*) |