**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Order Filed on May 21, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In Re:<br><br>David Cushing,<br><br>Debtor. | Case No.:     25-22945-ABA<br><br>Chapter:      13 |
| David Cushing,<br><br>Plaintiff.<br><br>v.<br><br>Lakeview Loan Servicing, et al.,<br><br>Defendants. | Adv. No.:     26-01099-ABA<br><br>Judge:       Andrew B. Altenburg, Jr.<br><br>Hearing Date:   May 12, 2026, at 2:00 p.m. |

**ORDER GRANTING MOTION TO DISMISS, IN PART AND DENYING, IN PART**

The relief set forth on the following page, numbered two (2) is hereby **ORDERED**.

**DATED: May 21, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Dismiss, In Part and Denying, In Part*
Page | 2

**THIS MATTER** having originally come before the court by adversary proceeding filed by David Cushing (the "Debtor") (Doc. No. 1); and Creditor/Defendant Lakeview Loan Servicing ("Lakeview") having filed a motion to dismiss (Doc. No. 7); and the Debtor having filed opposition (Doc. No. 12); and a hearing having been held on May 12, 2026; and for the reasons set forth in the attached Memorandum Decision; it is

**ORDERED** that the Motion to Dismiss is **GRANTED in part** as to Lakeview Loan Servicing's standing as Lakeview Loan Servicing has standing to submit a claim related to the Property at 1734 Almond Rd., Vineland, NJ 08360.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **DENIED in part** and the Debtor shall have **FOURTEEN (14) DAYS** from the date of this Order to file another amended complaint with the failure to do so resulting in this Adversary Proceeding, and its underlying claims, being dismissed **WITH PREJUDICE**.

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Dismiss, In Part and Denying, In Part*
Page | 3

## MEMORANDUM DECISION

Before the court is the Motion to Dismiss Adversary Proceeding filed by Creditor, Lakeview Loan Servicing (the "Motion"). Doc. No. 7. The Debtor filed opposition, Doc. No. 12, The court conducted a hearing on May 12, 2026. The hearing is concluded, and the record is closed. This matter is now ripe for disposition. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

The undisputed facts are that on March 2, 2026, David Cushing (the "Debtor" or "Plaintiff") commenced this adversary proceeding by filing a complaint to disallow Proof of Claim 8-1 of Lakeview Loan Servicing ("Lakeview") for lack of standing related to a property at 1734 Almond Rd., Vineland, NJ 08360 (the "Property"). Doc. No. 1. On April 16, 2026, Lakeview filed a Motion to Dismiss Adversary Proceeding arguing, *inter alia*, its standing and right to enforce a promissory note and mortgage to the Property. Doc. No. 7. On April 27, 2026, the Debtor filed opposition. Doc. No. 12, On May 7, 2026, the Debtor then filed an Amended Complaint (the "Amended Complaint"). Doc. No. 13. A hearing was held on May 12, 2026.

The evidence presented demonstrates that on December 22, 2016, the Debtor and Carona Cushing entered into a mortgage (the "Mortgage") for the Property with lender Greentree Mortgage Company, L.P. ("Greentree") and Mortgage Electronic Registration Systems, Inc ("MERS") as nominee. Doc. No 11, Ex. A. On December 29, 2021, the Mortgage was assigned from Greentree and MERS as nominee to Freedom Mortgage Corporation ("Freedom"). Doc. No. 11, Ex. B. On February 9, 2022, the Mortgage was assigned from Freedom to Nationstar Mortgage, LLC d//b/a Mr. Cooper ("Nationstar"). *Id*. On April 7, 2022, the Mortgage was assigned from Nationstar to Lakeview. *Id*.

What is more, prior to the commencement of the Debtor's main case, on May 24, 2023, the Superior Court of New Jersey, Case Number F-009304-22, entered a foreclosure judgment (the "Foreclosure Judgment") against the Debtor specifically in favor of Lakeview, finding that Lakeview was entitled to execute its rights under the Mortgage. Doc. No. 11, Ex. C.

## DISCUSSION

At this time, and for the reasons set forth at the hearing, the court rejects Lakeview's argument under Federal Rule of Civil Procedure 12(b)(1) (lack of subject-matter jurisdiction) or (h)(3) (improper venue). *See generally In re Adams*, 151 F.4th 144, 154 (3d Cir. 2025). Lakeview's bald assertion that these sections apply here, without analysis, do not suffice.

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Dismiss, In Part and Denying, In Part*
Page | 4


Instead, the court focuses on Lakeview's request under Federal Rule of Civil Procedure 12(b)(6). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *Wells Fargo Equip. Fin., Inc. v. Alario,* No. 10–37591 MBK, 2011 WL 3510865, at *2 (Bankr.D.N.J. Aug. 9, 2011) "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*


"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir.2014) (quoting *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993)) (internal quotation marks omitted). An exception to this rule, however, is that "a document *integral to or explicitly relied upon* in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis and alteration in original) (citation and internal quotation marks omitted). "[W]hat is critical is whether the claims in the complaint are 'based' on an extrinsic document and not merely whether the extrinsic document was explicitly cited." *Schmidt,* 770 F.3d at 249. Under the rule in *Schmidt,* Debtor's claim is undoubtedly based on extrinsic documents, he alleges gives rise to his claim. *See Burton v. Nationstar Mortg. LLC*, 255 F. Supp. 3d 616, 619 (E.D. Pa. 2015). Here, the Complaint and Amended Complaint rely on attacking Lakeview's proof of claim which attaches the Note and Mortgage. Complaint, pp. 2-3, lines 23-1; Amended Complaint, p. 3, lines 13-16. Also, both the Complaint and Amended Complaint refer to the Note and Mortgage. Complaint, p. 3, lines 4-5; Amended Complaint, p. 3, lines 18-19. Likewise, the Complaint and Amended Complaint refer to Instrument# 638408 Book: 04220, Page: 3601 (MERS to Freedom Mortgage assignment) and the 2 subsequent Assignments. Complaint, p. 3, lines 1-3 and 10-13; Amended Complaint, p. 3, lines 15-17 and 24-27. Lakeview attaches all assignments which are referred to in the Complaint and a matter of public record. Finally, the Debtor references the state court foreclosure action in his Complaint and Amended Complaint. Complaint, p. 3, line 25; Amended Complaint, p. 4, line 13. Therefore, the Note, Complaint and Assignments are *integral to and/or explicitly relied upon* in the Complaint and the court may consider them. In addition, the state court foreclosure judgment is integral to Plaintiff's assertion that Lakeview has/had no standing because that judgment, which

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Dismiss, In Part and Denying, In Part*
Page | 5

remains in place, established Lakeview's standing as a party with the right to foreclose. Thus, the Court can consider all the documents in deciding the Motion.

What is more, the court should deny a motion under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *In re Demas*, 150 B.R. 323, 327 (Bankr. S.D.N.Y. 1993) (citations omitted). If after evaluating all well-pleaded allegations in the complaint and drawing all inferences in the plaintiff's favor, a 12(b)(6) motion must be denied unless an "insuperable bar to relief is apparent on the face of the complaint." *Altemose Construction Co. v. Atlantic, Cape May and Parts of Burlington, Ocean and Cumberland Counties Bldg. Trades Council,* 493 F.Supp. 1181, 1183 (D.N.J.1980). Indeed, the United States Supreme Court has stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *In re Buildings by Jamie, Inc.*, 230 B.R. 36, 40 (Bankr. D.N.J. 1998).

### 1. **Lakeview Has Standing**

Fed. R. Bankr. P. 7017, which incorporates Fed. R. Civ. P. 17 provides, in pertinent part: "[a]n action must be prosecuted in the name of the real party in interest." Thus, to have standing, a party must be a party-in-interest. Whether a plaintiff is a party in interest is to be determine by reference to the applicable substantive state law. *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985). It is well established in New Jersey that either possession of the note or an assignment of the mortgage that predated the original complaint confers standing on a party. *Grant-Covert v. Wells Fargo Bank, N.A.*, No. 15-6018 (NLH), 2016 WL 901081, at *3 (D.N.J. Mar. 9, 2016) aff'd (3rd Cir. 16-1880 Oct. 6, 2016). Furthermore, a creditor's standing is established through a foreclosure judgment in its favor. *In re Kohar*, 525 B.R. 248, 253 (Bankr. W.D. Pa. 2015) ("it is clear that the Foreclosure Action judgment implicitly, but conclusively, establishes that [creditor] had standing and was a proper party to obtain such judgment, and that this Court lacks the jurisdiction to reexamine that issue."); *Siljee v. Atl. Stewardship Bank*, No. 15-CV-1762 (KM), 2016 WL 2770806, at *5 (D.N.J. May 12, 2016) ("The state foreclosure judgment necessarily decided in Atlantic's favor the following essential elements: the validity of the note and mortgage; the alleged default; and Atlantic's right to foreclose (which would include its standing by assignment or otherwise)"); *In re Simpson*, No. 16-24013-GLT, 2019 WL 1453069, at *6 (Bankr. W.D. Pa. Mar. 29, 2019) ("the Foreclosure Judgment implicitly establishes that [creditor] had standing and was the proper party to obtain such a judgment, precluding the Debtor from advancing an argument to the contrary before this Court"). Based on the evidence presented that details the assignments of the Mortgage, in addition to the Foreclosure Judgment in favor of Lakeview, the court finds that Lakeview has standing to assert a claim as to the Property.

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Dismiss, In Part and Denying, In Part*
Page | 6

### 2.   <u>**The Remaining Claims in the Complaint and Amended Complaint**</u>[1]

Through Fed.R.Bankr.P. 7008, Fed.R.Civ.P. 8 applies and requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Through Fed.R.Bankr.P. 7009, Fed.R.Civ.P. 9 applies and 8 and requires "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b). The Supreme Court described the pleading standard required to withstand a motion to dismiss as follows:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,[.]" While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286 . . . (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004) . . . ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote omitted).

The Court furthered explained the pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009):

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly*]*,* at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

---

[1] The court notes that the Debtor has brought similar claims in *Cushing v. Greentree Mortgage Company, LP, et al*, United States District Court, District of New Jersey, Civil Action No. 24-5742. Nevertheless, the court will make its own determination in this proceeding.

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Dismiss, In Part and Denying, In Part*
Page | 7

unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955 (brackets omitted).

*Id.* The Third Circuit instructs that courts should conduct a two-part analysis in reviewing a motion to dismiss: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotation omitted). Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id*.

Finally, rather than dismissing a claim, a court may grant leave to amend the complaint. Federal Rule of Bankruptcy Procedure incorporates Federal Rule of Civil Procedure 15 into adversary proceedings. Rule 15(a)(2) permits amendment with written consent of the opposing party or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See In re Aphton Corp.*, 423 B.R. 76, 88 n.36 (Bankr. D. Del. 2010).

At the May 12, 2026 Hearing, the Debtor expressed his intention to clarify his arguments and relief sought in the Complaint and Amended Complaint. Indeed, as it stands, the Complaint and the Amended Complaint appear to contain nothing more than labels and conclusions and/or a formulaic recitation of the elements of a cause of action. Notably, the Debtor has alleged, without more, that the 2021 assignment was forged and/or false. Complaint, p. 7, line 25 and Amended Complaint, p.8, lines 25-26. Both the Complaint and Amended Complaint fail to meet Fed. R. Civ. P. 9(b) standards as to this allegation. In addition, the Court welcomes Lakeview to flesh out its arguments under Fed.R.Civ.P. 12(b) and (h)(3).

Courts recognize that dismissal can be a harsh remedy and providing a plaintiff with an opportunity to amend correcting any deficiencies in the Complaint can be a proper remedy. The court believes that is the proper remedy here. Be guided as to the remaining allegations regarding the abuse of process and the Ginnie Mae Trust, as noted, the plausibility standard requires that the Debtor plead factual content that allows the court to draw the reasonable inference that Lakeview is liable for the misconduct alleged. So far, the Debtor has simply alleged a mere possibility Lakeview has acted unlawfully. This will not do because a pleading that offers labels and conclusions or tenders naked assertions devoid of further factual enhancement will not suffice. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

However, while the Court will grant the Debtor the opportunity to amend his Complaint one more time, it will not consider any further argument on standing. The documents submitted which are integral to the Complaint demonstrate that Lakeview has standing to assert a claim against the Property and defend this objection to its claim in this Adversary. Whether that claim ultimately prevails has NO IMPACT on Lakeview's current standing to defend this Adversary Proceeding and to assert a claim against the Property.