UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re: <br><br> David Cushing, <br>                  Debtor. | **Order Filed on August 4, 2026** <br> **by Clerk** <br> **U.S. Bankruptcy Court** <br> **District of New Jersey** |
| David Cushing, <br>                  Plaintiff. <br> v. <br><br> Lakeview Loan Servicing, et al., <br>                  Defendant | Case No.:　　25-22945-ABA <br> Chapter:　　13 <br> Adv. Proc. No.　26-01099-ABA <br><br> Judge:　　Andrew B. Altenburg, Jr. <br><br> Hearing Date:　August 4, 2026 |

**ORDER GRANTING MOTION TO RECONSIDER WITH CONDITIONS**

The relief set forth on the following page, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: August 4, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Reconsider With Conditions*
Page | 2

**THIS MATTER** having come before the court by the *Motion to Reconsider* the court's June 8, 2026, *Order Dismissing Adversary Proceeding* (Doc. No. 19) filed by the Debtor/Plaintiff David Cushing ("Debtor") (Doc. No. 21); and the Defendant, Lakeview Loan Servicing, having filed an *Opposition to Motion to Reconsider* (Doc. No. 25); and the Debtor's Adversary Proceeding having been dismissed due to the Debtor's failure to comply with the court's *Order Granting Motion to Dismiss, in part, and Denying, in part with Memorandum* (Doc. No. 17) in which the Debtor was ordered to file an amended complaint within fourteen (14) days of that Order with the failure to do so resulting in the Adversary Proceeding being dismissed with prejudice; and the Debtor having also been told at the May 12, 2026 hearing of the same; and a hearing having been held on August 4, 2026 in which the Debtor failed to appear to prosecute; and for the reasons set forth in the attached Memorandum Decision; and for good cause shown; it is

**ORDERED** that despite the Debtor's failure to appear, the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** that Debtor shall have **FOURTEEN (14) DAYS** from the date of this Order to file another, and his last, amended complaint with the failure to do so resulting in this Adversary Proceeding, and its underlying claims, including the claim objection filed in the Main Case No. 25-22945-ABA as Doc. No. 36, being dismissed **WITH PREJUDICE -** the Debtor will have no further opportunity to file an amended complaint and/or prosecute the objection should he fail to comply with this Order.

**IT IS FURTHER ORDERED** that Court's decision set forth in its *Order Granting Motion To Dismiss, In Part And Denying, In Part*, Doc. No. 17, finding that Defendant Lakeview Loan Servicing has standing in this matter and has standing to submit a claim related to the Property at 1734 Almond Rd., Vineland, NJ 08360 remains in full force and effect. The Debtor's amended complaint as required by this Order, may not assert any claim in that regard - with the failure to abide by this order, subjecting the Debtor to sanctions, including but not limited to, monetary penalties and/or dismissal of this case.

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Reconsider With Conditions*
Page | 3

## MEMORANDUM DECISION

Before the court is the Debtor's Motion to Reconsider (the "Motion"). Doc. No. 21. The Debtor seeks reconsideration of this court's Order Dismissing Adversary Proceeding. Doc. No. 19. The Defendant filed a Motion to Dismiss (Doc. No. 7) and the Debtor filed an Opposition (Doc. No. 12). The Debtor then filed an Amended Complaint on May 7, 2026, Doc. No. 13, before the return date of the hearing. The court held a hearing on May 12, 2026, at which the court heard oral argument from both the Debtor and Lakeview. The court discussed the Debtor's original complaint and its amendment and indicated that neither were sufficient to survive a motion to dismiss. The court then issued an order which granted in part and denied in part Lakeview's Motion to Dismiss. Instead of dismissing the complaint and its amendment, the court directed that "Debtor shall have **FOURTEEN (14) DAYS** from the date of this Order to file another amended complaint with the failure to do so resulting in this Adversary Proceeding, and its underlying claims, being dismissed **WITH PREJUDICE**." Doc. No. 17 (emphasis in original). The Debtor did not file an amended complaint the adversary proceeding was dismissed. Debtor then filed the current Motion and the Defendant filed an Opposition to Motion. Doc. No. 25. The court held a hearing on August 4, 2026. Counsel to Defendant appeared. The Debtor did not – grounds enough to deny the Motion. Nevertheless, the court took the matter under advisement. The hearing is concluded, and the record is closed. This matter is now ripe for disposition. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## DISCUSSION

The Debtor argues that the court committed an error of fact and law because the Court's decision "alleged that a 1st Amended Complaint was not filed, when it was." Doc. No. 22-1 at 1. The Debtor asserts he is entitled to reconsideration under Rule 60(a) because the court is permitted to correct a clerical mistake or a mistake arising from the oversight or omission whenever one is found in judgment, order, or other part of the record. The Debtor further argues that the Complaint and the 1st Amended Complaint contain sufficient factual matter to state a claim to relief that is plausible.

A motion to reconsider is generally considered under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b) (made applicable by Fed. R. Bankr. P. 9023 and 9024 respectively). When a reconsideration motion is filed within fourteen (14) days of the judgment, it may be treated as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See* Fed. R. Bankr. P. 9023. Otherwise, a reconsideration motion may treated as being one seeking relief pursuant to Fed. R. Civ. P. 60(b). *See* Fed. R. Bankr. P. 9024. While both rules serve a similar function, each has a separate purpose. *See U.S. v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003); *Benson v. Giant Food Stores, LLC*, C.A. No. 09-cv-3194, 2011 WL 722256 (E.D. Pa. Feb. 28, 2011). Where the motion (filed within fourteen days of the judgment) questions the correctness of the judgment and seeks to re-litigate the original issue before the court, the motion may be treated as one to alter or amend the judgment under Rule 59. *See Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985). In contrast,

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Reconsider With Conditions*
Page | 4

motions under Rule 60(b) must show one or more of the six enumerated grounds for reconsideration. *In re Grigg*, 2013 WL 5310207, at *1 (Bankr. W.D. Pa. 2013).

There are six different grounds justifying reconsideration under Civil Rule 60(b). Relevant to this matter is Rule 60(b)(6) which allows the court to grant reconsideration for "any other reason that justifies relief." Rule 60(b)(6) "may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). To meet the standard of demonstrating exceptional circumstances, a movant must show "that without relief from the judgment, 'an 'extreme' and 'unexpected' hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977))." *Bailey v. Navient Sols., LLC (In re Bailey)*, Nos. 19-15531-ABA, 19-1159-ABA, 2021 Bankr. LEXIS 2615, at *27 (Bankr. D.N.J. Sep. 22, 2021).

The Debtor has sought reconsideration under Rule 60(a), which allows a court to fix or amend a scrivener's error and does not permit a court to revisit the substance of a prior decision. Nevertheless, the court will grant reconsideration under Rule 60(b)(6) — the catchall provision. The Debtor appears to have misunderstood the court's prior order and decision. At the May 12, 2026 hearing, after the court indicated that it found the Debtor's allegations to be insufficient, the Debtor expressed that he wanted an opportunity to amend his Complaint again. In its order and attached decision the court concluded that "the Complaint and the Amended Complaint appear to contain nothing more than labels and conclusions and/or a formulaic recitation of the elements of a cause of action," which failed to meet Fed. R. Civ. P. 9(b) standards that require the pleading of fraud with specificity. Doc. No. 17 at 7. Thus, the court examined both the Complaint and the 1st Amended Complaint and found the allegations deficient. The court then offered the Debtor an opportunity to amend his complaint a second time. The Debtor failed to file a 2nd Amended Complaint and the adversary proceeding was dismissed.

Based on the Debtor's Motion for Reconsideration, it appears that the Debtor did not understand that the court reviewed both his Complaint and the 1st Amended Complaint and found both deficient. Debtor seems to believe that his filing of the Amended Complaint prior to the May 12, 2026 hearing satisfied the court's order.

The Court is cognizant of Debtor's pro se status and has, accordingly, granted Debtor a certain degree of leniency. Courts are encouraged to be more lenient when a litigant proceeds pro se. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL 2771767 (D.N.J. 2010)). *See Erickson v. Pardus*, 551 U.S. 89 (2007) (holding that pro se documents are to be liberally construed). Courts recognize the importance of proceeding with caution and issuing rulings on the merits, as opposed to narrowly focusing on procedural niceties. *In re Marasek*, No. 08-30919, 2013 WL 5423222, at *2 (Bankr. D.N.J. Sept. 30, 2013); *see also Air Line Pilots Ass'n v. Continental Airlines (In re Continental Airlines),* 125 F.3d 120, 129 (3d Cir.Del.1997) ("Generally, rules of procedure should be liberally construed" and "the Supreme Court emphasized that, 'mere technicalities should not stand in the way of consideration of a case on its merits.' ") (citations omitted); *Foman v. Davis,*

*In re David Cushing*
Case No.: 25-22945-ABA
*Cushing v. Lakeview Loan Servicing, et al.*, Adv. No.: 26-01099-ABA
*Order Granting Motion to Reconsider With Conditions*
Page | 5

83 S. Ct. 227, 230 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities."). In the same vein, it is axiomatic that the Court has discretion to relax court rules in the interests of justice. *In re Marasek*, 2013 WL 5423222, at *2. Further, the court notes that the Third Circuit has repeatedly expressed a preference that cases be decided on the merits. *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984).

Accordingly, the court believes it is in the interest of justice that the Debtor be permitted one last opportunity to amend his complaint. The Debtor is directed to file his final Amended Complaint within 14 days of entry of the order. Failure to file an Amended Complaint will result in dismissal of this adversary proceeding with prejudice and denial of his Objection to claim, Doc. No. 36 in the Main Case.